UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE


ELMER R. HAMILTON,         )
    Plaintiff,                     )
                           )
v.                         )     No. 3:10-CV-32
                           )     (Phillips/Shirley)
MICHAEL J. ASTRUE,         )
COMMISSIONER OF SOCIAL SECURITY,  )
    Defendant.                    )


## MEMORANDUM OPINION

This social security appeal is before the court for consideration of the plaintiff's objections [Doc. 20] to the report and recommendation filed by United States Magistrate Judge C. Clifford Shirley [Doc. 19]. Magistrate Judge Shirley found the Commissioner's decision that plaintiff is not disabled is supported by substantial evidence in the record as a whole and recommended that plaintiff's motion for judgment on the pleadings be denied and that defendant Commissioner's motion for summary judgment be granted.

Plaintiff made his application for disability insurance benefits alleging disability beginning March 1, 2007. The claim was denied by the administrative law judge (ALJ) on August 26, 2009. The Appeals Council denied the plaintiff's request for review. Plaintiff sought judicial review of the Commissioner's decision. As required by 28 U.S.C. § 36(b)(1)

and Rule 72(b), Fed.R.Civ.P., this court has now undertaken a *de novo* review of those portions of the report and recommendation to which plaintiff objects. For the reasons that follow, the objections will be overruled.

Plaintiff argues that the ALJ failed to explain why plaintiff did not meet Listing 12.05.

> 12.05 Mental Retardation: Mental retardation refers to significantly subaverage general intellectual function with deficits in adaptive functioning initially manifested during the developmental period; *i.e.,* the evidence demonstrates or supports onset of the impairment before age 22.
>
> The required level of severity for this disorder is met when the requirements in A, B, C or D are satisfied.
>
> . . .
>
> (C) A valid verbal, performance or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function.

As stated by Magistrate Judge Shirley, "to be found disabled under Listing 12.05(C), the plaintiff must establish that: (1) his valid verbal, performance, or full scale IQ score was between 60 and 70; (2) he had significantly subaverage general intellectual functioning with deficits in adaptive functioning, which manifested prior to age 22; and (3) he has a mental or physical impairment imposing an additional and significant work-related limitation."

Here, because the record contains no evidence that plaintiff's impairments manifested before age 22, the ALJ was not required to evaluate his claim under Listing

-2-

12.05(C). Moreover, the court agrees with the Magistrate Judge that the record does not demonstrate a mental or physical impairment imposing additional or significant work-related limitations which would meet Listing 12.05(C). The ALJ addressed the diagnoses and conditions identified by plaintiff's treating and examining sources. The ALJ acknowledged plaintiff's IQ scores of 69 and 70, and identified Dr. Kenney's diagnoses of depressive disorder, personality disorder, and alcohol and cannabis abuse as severe impairments. The ALJ also included in his analysis the diagnosis of Dr. Dudani, who opined that plaintiff functioned in the borderline intellectual range. Based on Dr. Dudani's report, the ALJ found that plaintiff was precluded from performing detailed tasks or from adapting to frequent changes in his work setting. The ALJ determined that plaintiff could perform medium work that precluded him form performing detailed tasks or interacting with the general public. The ALJ further determined that plaintiff could not perform his past relevant work. The ALJ then properly obtained testimony from a vocational expert (VE) to determine whether any jobs existed that plaintiff could perform. *Cline v. Commissioner of Social Security,* 96 F.3d 146, 149 (6th Cir. 1996). Because the VE identified a significant number of medium exertion jobs plaintiff could perform with his limitations, the ALJ properly determined that plaintiff was not entitled to benefits based on disability. *Varley v. Secretary of Health and Human Services*, 820 F.2d 777, 779 (6th Cir. 1987) (A VE's testimony in response to a hypothetical portraying plaintiff's physical and mental impairments provides substantial evidence in support the Commissioner's decision that plaintiff is not disabled). The court finds that the ALJ conducted the proper analysis of plaintiff's claims, and that substantial evidence supports the ALJ's conclusion that plaintiff is not disabled.

Finding no error in the report and recommendation, the court will overrule plaintiff's objections; deny plaintiff's motion for summary judgment; grant defendant Commissioner's motion for summary judgment; and dismiss this case.

**ENTER:**

        s/ Thomas W. Phillips
       United States District Judge